**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-01283-PX |
| LACASA DEL MOFONGO LLC, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff J&J Sports Productions, Inc.'s ("J&J") Motion to Alter or Amend the Judgment (ECF No. 12) regarding the Court's denial of enhanced statutory damages. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

### I. Background

The relevant facts are summarized in the Court's Memorandum Opinion granting default judgment. *See* ECF No. 10 at 1–2. On May 1, 2018, J&J filed suit against LaCasa Del Mofongo LLC and Domingo Manana (collectively, "Defendants"), owners of the restaurant La Casa Del Mofongo ("La Casa"), alleging a violation of the Communications Act of 1934. ECF No. 1 ¶¶ 14–25. J&J, a distributor of sports and entertainment programming, held exclusive commercial distribution rights to *"The Fight of the Century" Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program* (the "Program"). *Id.* ¶ 15. Defendants unlawfully aired the Program at their establishment, La Casa, having no advance sublicensing agreement to broadcast the Program. According to J&J's rate card for the Program, had the parties entered into such an agreement, Defendants would have owed J&J $3,000 based on La Casa's capacity to hold about fifty patrons. *See* ECF No. 9-8 at 1.

Defendants have failed to respond or otherwise contest J&J's claims.  *See* ECF No. 9-4 at 2.  J&J moved for entry of default against Defendants, which the Clerk entered on August 20, 2018.  *See* ECF No. 8.  Thereafter, J&J moved for default judgment, requesting $3,000 in statutory damages, $9,000 in enhanced damages, and $2,245 in attorneys' fees and costs.  ECF No. 9-4 at 7, 9.  The Court granted default judgment in Plaintiff's favor for $5,245 but denied Plaintiff's request for enhanced statutory damages, finding no evidence that "Defendants realized significant financial profit from broadcasting the Program or had committed any other such violation before or since the broadcast of the Program."  ECF No. 10 at 5.  Plaintiff now moves for reconsideration, requesting that the Court alter of amend its judgment and grant enhanced statutory damages.  ECF No. 12-1 at 1.

## II.  Standard of Review

Courts recognize three limited grounds for granting a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al*., Fed. Prac. & Proc. § 2810.1, at 127–28 (2d ed. 1995)).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Id.* (quoting Wright, *et al*., *supra*, § 2810.1, at 124).

### III.    Analysis

Plaintiff argues that it is entitled to enhanced damages pursuant to 47 U.S.C. §

605(e)(3)(C)(ii), which authorizes awards of up to $100,000 when "the violation was committed

willfully and for the purposes of direct or indirect commercial advantage or private financial gain

. . . ."  Courts look to several factors to determine whether enhanced damages are warranted,

including evidence of willfulness, repeated violations over an extended period of time,

substantial unlawful monetary gains, advertising the broadcast, and charging an admission fee or

premiums for food and drinks.  *See J & J Sports Prods., Inc. v. Quattrocche*, No. WMN-09-

3420, 2010 WL 2302353, at *2 (D. Md. June 7, 2010).  Plaintiff seeks $9,000 in enhanced

damages, three times the amount of statutory damages that this Court has awarded.

While the Court found in its earlier Memorandum Opinion that Defendants' interception

of the Program was willful, the Court ultimately denied enhanced damages because no evidence

demonstrated that defendants had repeatedly violated the sublicensing agreement or obtained

substantial monetary gains.  ECF No. 10 at 5.  La Casa did not charge an admission fee, and

J&J's private investigator observed only twenty-one to twenty-four customers in the fifty-person

capacity restaurant.  ECF No. 1-1 at 2–3.

J&J has persuasively argued that an enhanced damages award is an important tool to

deter such violations, and that without such enhanced damages, defendants are given little

incentive to enter into a lawful sublicensing agreement in advance of airing the Program.  ECF

No. 12-1 at 5–6; *see also J & J Sports Prods. Inc. v. Henriquez Batres, Inc.*, No. GJH-16-2385,

2017 WL 2937936, at *4 (D. Md. July 10, 2017) ("[C]ourts in this jurisdiction have found that

even when there is 'no evidence of repeat violations, monetary gains, advertising of the

broadcast, or the charging of an admission fee or premiums for food and drinks . . . some

enhanced damages are proper to deter potential future unlawful uses of communications.'") (citations omitted). The Court finds this argument persuasive. Accordingly, the Court grants J&J's motion to reconsider and will amend the earlier default judgment to include an enhanced damages award. However, given the relatively few customers actually present during the Program, the Court believes $6,000, or two times the amount of statutory damages, to be sufficient enhanced damages to achieve the statute's purposes. *See, e.g.*, *J&J Sports Prods., Inc. v. Seafood Palace Buffet, Inc.*, No. TDC-17-2414, 2018 WL 4494886, at *1 (D. Md. July 6, 2018) (adopting Magistrate's recommendation multiplying statutory damages by two where there was no cover charge or advertising for the Program, the establishment was below capacity, and there were no previous violations).

## IV. Conclusion

Based on the foregoing, it is this 15th day of May 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff J&J Sports Productions, Inc.'s Motion to Alter or Amend the Judgment (ECF No. 12) BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART;

2. Plaintiff is awarded enhanced damages in the amount of $6,000, for a total award of $11, 245; and

3. The Clerk shall TRANSMIT copies of this Memorandum Opinion and Order to the parties.

5/15/2019                                                              /S/
Date                                                      Paula Xinis
                                                          United States District Judge